## Case No. 7,702.

KENNEDY v. GORMAN.

[4 Cranch, C. C. 347.] [1]

Circuit Court, District of Columbia. Nov. Term, 1833.

CERTIORARI—JUSTICE OF THE PEACE.

A certiorari will lie from the circuit court, D. C., to a justice of the peace who is proceeding in a case in which he has no jurisdiction. It will issue, upon the affidavit of the defendant. It is the proper writ when a justice of the peace usurps a jurisdiction which belongs exclusively to this court. If the justice has no jurisdiction in the case, his proceedings are absolutely void, and this court will proceed to try the cause according to law.

The defendant Gorman, obtained a certiorari, upon his own affidavit, directed to John Chalmers, Esq., a justice of the peace,

[1] [Reported by Hon. William Cranch, Chief Judge.]

to bring up a cause depending before him, in which James Kennedy was plaintiff, and the said John B. Gorman, defendant. Upon the return it appeared that the suit was upon a prison bounds bond in the penalty of $100; and that the debt due upon the bond amounted to $54.16; which exceeded the jurisdiction of the justice, and that he had rendered judgment upon the verdict of a jury before the certiorari was served.

Mr. Giberson, for plaintiff, moved to quash the writ of certiorari, on the ground that this court had no power to issue it.

Mr. Bradley, contra, cited Tidd, Prac. 399, 414, 416.

CRANCH, Chief Judge (nem. con.). It appears that the sum to be recovered, under the penalty of this bond, was $54.16, which exceeds the jurisdiction of the justice. This court, having the same powers as the other circuit courts had at the time when this court was established, has power to issue all writs necessary to the exercise of its jurisdiction, and agreeable to principles and usages of law. When a justice of the peace, in any particular case, usurps a jurisdiction exclusively vested in this court, some writ is necessary to enable this court to exercise its jurisdiction in that case. When such a case occurs, this court has no means of ascertaining whether it be a case exclusively within its jurisdiction, but by an examination of the proceedings of the justice; and that cannot be done unless his proceedings are brought before the court; and this can only be done agreeably to the principles and usages of law, by a writ of certiorari. The writ therefore, has properly issued upon the suggestion contained in the petition and verified by affidavit. The proceedings of the justice are now before us, by which it appears that the amount of debt and damages, at the time the cause was before him, exceeded the sum of $50, whether we consider the penalty of the bond, or the amount recoverable under its condition.

But it appears, also, that the justice had rendered judgment before he was served with the writ of certiorari. What, then, is this court to do? Remand the cause to the justice with a procedendo; or, considering the judgment as absolutely void because coram non judice, shall the court proceed to try the cause in the same manner as if the defendant had been brought before the court by the usual process of capias ad respondendum? If it had appeared by the petition and affidavit that the cause was within the jurisdiction of the justice, it would equally have appeared not to be within the jurisdiction of this court, and the writ of certiorari, therefore, would not have been necessary or proper; for in that case we could only exercise an appellate jurisdiction, and in the mode pointed out by law. And, if the same had appeared upon the return of the cer-

tiorari, this court must have awarded a procedendo. But in the present case this court had and has original jurisdiction. The judgment of the justice was coram non judice and void; and this court must proceed to try the cause according to law; and if the defendant has appeared, the plaintiff may file his declaration, and proceed as in other causes of the like nature.